MURRAY, J.,
concurs in part and dissents in part with reasons.
Ill write separately to address the majority’s decision to remand the matter for the trial court to determine whether good cause was established to justify the trial court’s failure to award attorney’s fees to Ms. Pillow-Smith pursuant to La. R.S. 9:375(A). I do not believe a remand is necessary because we can infer from the evidence in the record and from the trial court’s reasons for judgment that good cause was established to the satisfaction of the trial court
The judgment reflects that Mr. Smith stipulated to the amount of past due child support prior to the hearing. The hearing proceeded on four issues concerning whether Mr. Smith should be held in contempt and whether he should be made to forfeit his bond and/or to post a new bond. Mr. Smith prevailed on all four issues. The trial court declined to hold him in contempt for his failure to consistently pay child support because he had paid expenses for his children “well beyond the basic child support obligation,” despite the fact that the parties were going through bankruptcy proceedings at the same time; therefore, the trial court found that his failure to pay was not willful. Similarly, the trial court declined to hold Mr. Smith in contempt for failing to return Cydney timely after her summer |2visitation because the court found that Mr. Smith “did everything he could to try to get Cydney on the plane back to Nashville.”
Considering the circumstances as painstakingly detailed by the trial court in its written reasons, I believe a determination *271 of good cause to justify the court’s failure to award attorney’s fees is implicit in the court’s judgment, and I find no abuse of discretion in the trial court’s failure to make such an award. In my view, remanding the matter for the trial court to make an explicit determination on this issue is an unnecessary waste of judicial resources.
Accordingly, I dissent from the majority’s remanding of this matter for a determination as to an award of attorney’s fees and costs; in all other respects, I concur in the majority’s opinion.